## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ELETTE RANDOLPH**                                      **CIVIL ACTION**

**VERSUS**                                               **NO. 19-865-SDD-RLB**

**SHUGA SMACK JAC, L.L.C., ET AL.**

## ORDER

Before the Court is the Motion to Compel Discovery Responses (R. Doc. 18) filed by

Plaintiff, Elette Randolph, on August 5, 2020. Defendants filed their Opposition (R. Doc. 23) on

September 2, 2020. Plaintiff filed her Reply (R. Doc. 26) on September 9, 2020.

**I.      Background**

Plaintiff initiated this action with the filing of her Complaint (R. Doc. 1) on December

16, 2019. Therein, Plaintiff seeks redress for violations of federal and state law, alleging she was

in appropriately terminated from her position as a result of taking maternity leave for the birth of

a child. Plaintiff alleges that she began employment on May 21, 2018 as Catering Sales Manager

at Stinky's Fish Camp. (R. Doc. 1 at 4). Plaintiff asserts that Shuga Smack Jac, L.L.C. d/b/a

Stinky's Fish Camp – Baton Rouge ("Stinky's" or "SFC") is operated by Word of Mouth

Restaurant Group, Inc. ("WOM"), both of which are under the common control and ownership

of James L. Richard. (R. Doc. 1 at 2). Plaintiff also asserts that PREmployer, Inc. served as the

Human Resources department for Stinky's and WOM, and that PREmployer was listed as

Plaintiff's employer on her IRS W-2 form. (R. Doc. 1 at 2-3).

Plaintiff alleges that, in November 2018, she returned from a short period of doctor-

ordered bed rest and became aware that her position with Stinky's was being advertised for hire.

(R. Doc. 1 at 4). Plaintiff took maternity leave at the end of November 2018, and when she

sought to return in January 2019, she was informed that she did not have a position to return to and that she had been replaced by a new employee. (R. Doc. 1 at 5). Plaintiff then alleges that, despite being told she was terminated or fired from her position, she was unable to obtain unemployment benefits because Defendants characterized her dismissal as a leave of absence with the Louisiana Workforce Commission. (R. Doc. 1 at 7).

## II.    Law and Analysis

### A.    Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories.  A party seeking discovery under Rule 33 may serve interrogatories on any other

party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items.  A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a).  The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

A party must respond or object to interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).  This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b).  If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37.  An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4

**B.    Analysis**

Plaintiff propounded Interrogatories and Requests for Production to PREmployer on April 22, 2020, and to Stinky's on April 23, 2020. (R. Doc. 18-1 at 6). PREmployer provided responses on May 22, 2020, and held a Rule 37 telephone conference on May 28, 2020 regarding those responses. (R. Doc. 18-1 at 6). Plaintiff seeks to compel responses from PREmployer to her Interrogatory Nos. 1, 5, 13, 15, and 23, and her Request for Production Nos. 2, 8, 11-14, 20, 24-26, 29-31, and 37-39.

General Objections

PREmployer sets for a series of "General Objections" in the outset of its responses to Plaintiff's Discovery Requests. (R. Doc. 18-18 at 1-4; R. Doc. 18-19 at 1-5). Plaintiff requests the Court order PREmployer "to confirm that it is withholding no documents or information based on these waived objections." (R. Doc. 18-1 at 8). PREmployer represents in Opposition that it "consents to the removal of its general objections and confirms no documents have been withheld based solely on the general objections listed at the beginning of its discovery responses." (R. Doc. 23 at 4). Based on PREmployer's statement, there is no action needed by the Court and Plaintiff's Motion to Compel as to the general objections will be denied as moot.

Interrogatory No. 1

Where Plaintiff seeks to compel response to her Interrogatory No. 1 insofar as it requests the contact information for Lori Frakes and any other person listed on PREmployer's Initial Disclosures, PREmployer indicates in its Opposition that it agreed to provide the last known contact information for Lori Frakes and Kayla Smith and to amend its Initial Disclosures accordingly. (R. Doc. 23 at 4). Accordingly, there is nothing for the Court to compel as to Interrogatory No. 1, and Plaintiff's Motion will be denied as moot accordingly.

Interrogatory No. 5

In Interrogatory No. 5 seeks the identity of the person or persons "who made the final decision to report Plaintiff's employment status as 'Leave of Absence' to the Louisiana Workforce Commission, who was consulted regarding the decision, and who approved the decision." (R. Doc. 18-1 at 10). PREmployer first responded that the information sought was not in its possession, then amended its response to indicate that "Lori Frakes filled out the separation notice." (R. Doc. 18-1 at 10). In Opposition, PREmployer represents that "Lori Frakes prepared

Elette Randolph's separation notice based on the information SFC provided her and she submitted the appropriate documentation to the Louisiana Workforce Commission. PREmployer is not aware of who she might have spoken to prior to submitting this documentation, and any communications regarding this notice, if they exist, are likely in the possession of SFC." (R. Doc. 23 at 4-5). The Court understands that Lori Frakes is no longer employed with PREmployer, though it is not clear whether PREmployer maintains access to the files and communications of former employees. Based on the representations made by PREmployer, there is nothing for the Court to compel as to Interrogatory No. 5, and Plaintiff's Motion will be denied as moot accordingly, subject to Defendant's continuing obligation to provide supplemental or amended discovery responses, if needed, pursuant to Fed. R. Civ. P. 26(e).

Interrogatory Nos. 13 and 15

With Interrogatory Nos. 13 and 15, Plaintiff asks PREmployer for the identity of Catering Sales Managers as well as the identity of any and all person or persons that were hired to replace her upon separation. (R. Doc. 18-1 at 11). PREmployer responded that the information sought was not in its possession. In opposition, PREmployer reiterates its position that it is not in possession of the information sought, and goes on to state that "[p]ay records can be located for individual employees, and if Plaintiff seeks pay information related to specific individuals, PREmployer will review Plaintiff's request and respond." (R. Doc. 23 at 6). To the extent any information in the possession of PREmployer, including pay records, would reflect a job title of Catering Sales Manager or indicate a hiring, promotion, or change of job title, between November 1, 2018 and January 31, 2019, that information has been sought by Plaintiff and shall be provided if PREmployer has not done so. At the same time, PREmployer represents that it has no responsive information in its possession, such that there is nothing for the Court to compel,

subject to Defendant's continuing obligation to provide supplemental or amended discovery responses, if needed, pursuant to Fed. R. Civ. P. 26(e).

Interrogatory No. 23

Plaintiff's Interrogatory No. 23 seeks the "principal and material facts supporting your contention that PRemployer made 'good faith efforts to comply with federal and state law,' as set forth in your Eleventh Affirmative Defense." (R. Doc. 18-1 at 12). PREmployer objected to this interrogatory on the grounds that it was premature, and reiterated its position that it complied with all federal and state laws. (R. Doc. 18-1 at 12). In Opposition, PREmployer provided further information that "Lori Frakes prepared Elette Randolph's separation notice and submitted information to the Louisiana Workforce Commission in compliance with PREmployer's obligation to SFC as its client. PREmployer also cooperated fully with the EEOC following the filing of Plaintiff's Charge of Discrimination." (R. Doc. 23 at 5-6).

Based on the representations of the parties, as well as the more detailed statement provided by PREmployer, there is nothing for the Court to compel, subject to Defendant's continuing obligation to provide supplemental or amended discovery responses, if needed, pursuant to Fed. R. Civ. P. 26(e).

Request for Production Nos. 2, 8, and 11-14

In Request for Production Nos. 2, 8, and 11-14, Plaintiff seeks her own personnel file, as well as that of the person or persons hired to replace her, and any Catering Sales Managers, including qualifications, pay, tasks, assignments, pregnancy status, evaluations, discipline, infractions, write-ups, criticisms, and complaints about conduct, limited to a specified period of time. (R. Doc. 18-1 at 13-15). Defendant responded as to each Request that it was not in possession of responsive information, and makes no substantive objection to relevancy, breadth,

etc. (R. Doc. 18-1 at 13-15). Plaintiff suggests that Defendant's response is evasive, and that Defendant Stinky's represented it was not in possession of the same information in its response to discovery requests. (R. Doc. 18-1 at 15). In Opposition, PREmployer reiterates its position that it is not in possession of responsive information, but that "[p]ay records can be located for individual employees, and if Plaintiff seeks pay information related to specific individuals, PREmployer will review Plaintiff's request and respond." (R. Doc. 23 at 6).

In the face of a certified representation that it is not in possession of responsive information, there is nothing for the Court to compel, such that the Court will deny Plaintiff's Motion to Compel (R. Doc. 18) as to Request for Production Nos. 1, 8, and 11-14 accordingly. Notwithstanding the foregoing, presumably Plaintiff requested in discovery that Defendant Stinky's identify both her replacement on or after November 27, 2018, as well as the identity of any person or persons hired as or assigned to the position of Catering Sales Manager on or after November 27, 2018. To the extent Plaintiff has obtained that information, she shall communicate said information to PREmployer accordingly so that relevant pay and other records may be produced.

Request for Production No. 24

Request for Production No. 24 requests documents reflecting the organizational structure of PREmployer. (R. Doc. 18-1 at 15). PREmployer objected on the grounds that the request is overly broad, harassing, not intended to lead to the discovery of admissible evidence, and irrelevant. (R. Doc. 18-1 at 15-16). Plaintiff suggests that the information sought in Request for Production No. 24 because Stinky's represented in its discovery responses that PREmployer's Lori Frakes and Dan Sinas made the final decision to terminate Plaintiff's employment. (R. Doc. 18-1 at 16; R. Doc. 18-12 at 11). PREmployer responds that it "handles payroll functions for

clients and makes recommendations to clients regarding human resources practices," and "has no

authority to terminate individuals or to force its clients to follow its human resources

recommendations." (R. Doc. 23 at 6).

The Court finds that the information sought in Request for Production No. 24 is not

relevant to the litigation. While the relationship between PREmployer and Stinky's, and the role

of each within that relationship, is relevant, the organizational structure of PREmployer would

shed little light on that question. Accordingly, as to Request for Production No. 24, Plaintiff's

Motion to Compel (R. Doc. 18) will be denied.

Request for Production Nos. 25 and 26

In Request for Production Nos. 25 and 26, Plaintiff seeks the production of documents

reflecting the training provided to employees of PREmployer, as well as the policies and

procedures pertaining to the Pregnancy Discrimination Act, Title VII of the Civil Rights Act of

1964, and the Louisiana Employment Discrimination Law. (R. Doc. 18-1 at 15-16). PREmployer

raised objections that the request is overly broad, oppressive, and not likely to lead to the

discovery of admissible evidence. (R. Doc. 18-1 at 16). Plaintiff suggests that PREmployer's

objections amount to an impermissible, unilateral determination of relevance. (R. Doc. 18-1 at

17). PREmployer responds that Plaintiff has failed to show any compelling basis for how these

documents relate to her claims in the instant suit. (R. Doc. 23 at 7).

The Court finds the information sought in Request for Production Nos. 25 and 26

relevant. Plaintiff has brought claims under the Pregnancy Discrimination Act pursuant to Title

VII of the Civil Rights Act of 1964, as well as the Louisiana Employment Discrimination Law.

(R. Doc. 1). Further, the extent of the role of Stinky's and PREmployer in Plaintiff's termination

is clearly in dispute, based upon the arguments of the parties as well as the Court's review of the

discovery responses. Thus, PREmployer's training of its employees, as well as its policies and procedures, are relevant.

Notwithstanding the foregoing, the Court finds that the relevant period for Request for Production Nos. 25 and 26 is overly broad. Plaintiff alleges that other similarly situated non-pregnant employees were treated more favorably than she was and/or that she was replaced by a non-pregnant worker, and that she was terminated because of or on the basis of pregnancy, childbirth, or related medical conditions in violation of Title VII. (R. Doc. 1 at 8). She also alleges that she first learned that her position was being advertised on or about November 14, 2018, and that she was informed of her separation on January 9, 2019. (R. Doc. 1 at 4-5). Plaintiff also alleges that she began her employment with Stinky's on May 21, 2018. (R. Doc. 1 at 4).

Based on Plaintiff's allegations, the Court finds that the appropriate time period for Request for Production Nos. 25 and 26 should be limited to the calendar year prior to her period of employment through her separation, or January 1, 2017 through December 31, 2019. Plaintiff's Motion to Compel (R. Doc. 18) as to Request for Production No. 25 and 26 will, therefore, be granted, subject to the limitations set forth herein.

Request for Production No. 29

Plaintiff's Request for Production No. 29 asks for documents reflecting PREmployer's net worth for the fiscal years ending 2018 and 2019. (R. Doc. 18-1 at 18). PREmployer objected to this Request on the grounds that the information sought is confidential, overly broad, harassing, not relevant, and not likely to lead to the discovery of admissible evidence. (R. Doc. 18-1 at 18). Plaintiff argues that she is entitled to the information sought because she seeks punitive damages and her request is not premature. (R. Doc. 18-1 at 18-19). PREmployer

responds that "a party need not provide information related to its net worth until trial has commenced." (R. Doc. 23 at 7).

The parties cite conflicting jurisprudence in support of their positions. Plaintiff cites the case of *Tingle v. Hebert*, 2017 WL 2335646, at *5 (M.D. La. May 30, 2017), wherein the court found that a defendant's "state and federal tax returns… are relevant to Plaintiff's request for punitive damages under 42 U.S.C. § 1983." On the other hand, PREmployer cites the case of *Brennan's Inc v. Brennan*, 2009 WL 3156540, at *1 (S.D Miss. Sept. 25, 2009), which found that "pursuant to the undersigned's long standing practice, in order to protect a party's sensitive financial information, prior to a ruling by the district court that the matter should be set for trial, a party is usually not required to provide its financial information bearing on the question of punitive damages."[1]

The Court finds Plaintiff's position to be proper. As this Court has previously found in *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 2016 WL 1089266, at *7 (M.D. La. Mar. 18, 2016), in the context of employment discrimination claims, "[i]nformation regarding a defendant's net worth in an employment case is 'relevant, discoverable, and admissible at trial to evaluate a plaintiff's punitive damages claim.'" (internal citations omitted).

The same is true here. PREmployer's net worth is relevant, discoverable, and admissible to evaluate a plaintiff's punitive damages claim, and Plaintiff's Motion to Compel (R. Doc. 18) will be granted accordingly. PREmployer shall provide federal income tax returns and audited financial statements and/or audit reports for 2018 and 2019. At the same time, the Court is sensitive to PREmployer's objection to Request for Production No. 29 that the information sought is confidential. (R. Doc. 18-1 at 18). The parties shall, therefore, file a joint motion for

---

[1] This "practice" is not universally followed in that district or throughout the Fifth Circuit. *See Regions Ins., Inc. v. Alliant Ins. Services, Inc*, 2015 WL 1886852 (S.D. Miss. April 24, 2015) (citing cases).

protective order within fourteen (14) days of the date of this order, and PREmployer may designate its net worth production as containing protected confidential information in compliance with the protective order within seven (7) days of the Court's approval of same.

Request for Production Nos. 30 and 31

Request for Production Nos. 30 and 31 seek production of documents pertaining to other complaints of pregnancy discrimination between January 11, 2014 and January 11, 2019, including lawsuits and administrative complaints, as well as internal complaints limited to certain listed employees. (R. Doc. 18-1 at 19-20). PREmployer objects on the grounds that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not properly limited in temporal scope. (R. Doc. 18-1 at 20-21). Notwithstanding those objections, PREmployer represents in Opposition that "it is unaware of any lawsuits, administrative complaints, internal complaints, concerns, or other comments related to pregnancy discrimination or retaliation against the individuals listed in Plaintiff's request in the time period described in Plaintiff's requests, excepting Plaintiff's claims in the instant case." (R. Doc. 23 at 7). Based on this representation, there is nothing for the Court to compel, and Plaintiff's Motion to Compel (R. Doc. 18) as to Request for Production Nos. 30 and 31 will be denied accordingly, subject to subject to Defendant's continuing obligation to provide supplemental or amended discovery responses, if needed, pursuant to Fed. R. Civ. P. 26(e).

Request for Production No. 37

Plaintiff seeks documents supporting PREmployer's Eleventh Affirmative Defense, i.e. that it made "good-faith efforts to comply with federal and state law." (R. Doc. 18-1 at 21). PREmployer objected that the information sought was premature, and subject to that objection, that it complied with applicable state and federal laws. (R. Doc. 18-1 at 21). Plaintiff argues that

she is entitled to information supporting a defendant's affirmative defenses, while PREmployer responds that "Lori Frakes prepared Elette Randolph's separation notice and submitted information to the Louisiana Workforce Commission in compliance with PREmployer's obligation to SFC as its client. PREmployer also cooperated fully with the EEOC following the filing of Plaintiff's Charge of Discrimination. (R. Doc. 18-1 at 21-22; R. Doc. 23 at 7).

It is unclear whether PREmployer has provided Plaintiff with the separation notice and the information submitted to the Louisiana Workforce Commission, documents referenced in its response to Request for Production No. 37. To the extent it has not already done so, PREmployer shall provide this information within fourteen (14) days of the date of this Order. Beyond the documents and information referenced by PREmployer, it is unclear what other information Plaintiff seeks, and the request is overly broad. Plaintiff's Request for Production No. 37, as written, is not limited to specific information sought. This finding is further supported by a review of Plaintiff's discovery requests to PREmployer, which identify and seek specific information that would be responsive to this request, including employee manuals, handbooks, insurance policies, employment benefits, training, policies, procedures, recruitment materials, and EEOC documents. (R. Doc. 18-11). Accordingly, subject to PREmployer's production of the separation notice and information submitted to the Louisiana Workforce Commission as outlined above, there is nothing for the Court to compel.

Request for Production Nos. 20, and 38-39

Lastly, with Request for Production Nos. 20, and 38-39, Plaintiff seeks to compel electronic communications involving certain identified PREmployer employees regarding Plaintiff. (R. Doc. 18-1 at 22-24). PREmployer responded that, subject to identified prior document production, it has no further responsive information in its possession, and represents

that "Dan Sinas, in cooperation with PREmployer's internal IT specialist, searched all email correspondence from Dan Sinas' and Lori Frakes' email records looking for any mention of 'Elette,' 'Randolph' or 'Elette Randolph.'" (R. Doc. 18-1 at 23). Plaintiff argues that PREmployer's representation "raises grave concerns regarding the responsiveness" of its discovery, suggesting that "PREmployer, through Dan Sinas, engaged in self-collection of ESI in the electronic discovery process." (R. Doc. 18-1 at 23). In response, PREmployer suggests that it is willing to consider alternative proposals for the production of ESI, through out-of-court discussions with counsel for Plaintiff. (R. Doc. 23 at 8).

Plaintiff has sought production of email communications regarding herself, and PREmployer represents that it performed searches of her first name, her last name, and both, with the assistance of its IT specialist. PREmployer further represents that, outside of the documentation already provided, it has no additional responsive information in its possession. There is nothing before the Court to demonstrate that this search was incomplete or that any additional information exists that was not provided. Should there be some indication that responsive emails were not obtained, then the Court may be willing to revisit the manner in which the search was conducted.  More importantly, if Plaintiff believes that the search terms or manner was insufficient, the parties shall confer in good faith regarding alternative proposals. The motion to compel is denied as to Request for Production Nos. 20, 38, and 39.

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 18) filed by Plaintiff, Elette Randolph, on August 5, 2020, is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Oral Argument is **DENIED as moot**.

Signed in Baton Rouge, Louisiana, on October 8, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**